
BENJAMIN ASHUROV (SBN 271716)
bashurov@kb-ash.com
NEIL A. SMITH (SBN 63777)
nsmith@kb-ash.com
KB Ash
2603 Camino Ramon, Suite 200
San Ramon, California  94583
Telephone No.:  877.265.1476

Attorneys for Plaintiff
LEAF BRANDS, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAF BRANDS, LLC a California corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>DISTRIBUIDORA DE ALIMENTOS NATURALES Y NUTRICIONALES S.A DE C.V; and DOES 1 -25,<br><br>        Defendants. | CASE NO. _____<br><br>**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, FEDERAL TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, CALIFORNIA COMMON LAW TRADEMARK AND TRADE DRESS INFRINGEMENT, AND CALIFORNIA STATE UNFAIR COMPETITION** |

Plaintiff Leaf Brands, LLC ("Leaf Brands" or "Plaintiff"), for its complaint ("Complaint") against defendants Distribuidora De Alimentos Naturales Y Nutricionales S.A De C.V., and DOES 1-25 (collectively, "Defendants"), hereby alleges as follows:

**INTRODUCTION**

1. This is an action for infringement of Leaf Brands' federally registered trademark in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114) and for trade dress infringement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and related California state law claims.

2. Leaf Brands is the seller of and intellectual property rightsholder to the iconic American lollipop candy known as "Astro Pop." The Astro Pop lollipop was introduced in the 1960s around the height of the American space age. Two aerospace engineers undertook to design, produce, and sell space-themed candy products shaped in the form of a three-dimensional conical rocket, containing three color bands consisting of the colors red, yellow, and green ("Astro Pop Trade Dress"). An image of the Astro Pop lollipop and the Astro Pop Trade Dress is depicted below (excluding wrapper):



3. Defendants have sought to nefariously capitalize on the goodwill of the Astro Pop lollipop and its well-known trade designations, including the ASTRO POP trademark and the Astro Pop Trade Dress, without Leaf Brand's authorization by producing and offering for sale a knockoff version of the Astro Pop lollipop with a product configuration that is confusingly similar to the product configuration of the Astro Pop lollipop, under the confusingly similar trademark SPACE POP.

4. Leaf Brands brings this action to enjoin Defendants from further capitalizing on the goodwill of Leaf Brands' Astro Pop lollipops, ASTRO POP trademark, and Astro Pop Trade Dress, and to obtain monetary and other relief for the damages sustained by Leaf Brands as a result of Defendant's acts complained of herein.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the federal Lanham Act.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendants because upon information and belief Defendants' acts of advertising, promoting, offering for sale, and/or selling knockoffs of Plaintiff's Astro Pop lollipops and infringing Plaintiff's registered mark were committed in this judicial district, within the jurisdiction of this Court. Upon information and belief, Defendants have engaged in substantial activities within California and this judicial district and have had substantial contacts there, having purposefully availed themselves of the privilege of conducting activities in the forum.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants may be found or transact business in this district and a substantial part of the events giving rise to Plaintiff's claims occurred and are continuing to occur in this district.

**PARTIES**

9. Plaintiff Leaf Brands LLC is a limited liability company organized and existing under the laws of the State of California, with a business address of 1133 Camelback, P.O. Box 10544, Newport Beach, California 92658.

10. Upon information and belief, Defendant Distribuidora De Alimentos Naturales Y Nutricionales S.A De C.V. is a Mexican company with a business address of 44-A Amanuel Avila Camachomexico City, Mexico, 0957.

11. Defendants Does 1-25 are individuals and/or entities currently unknown who are involved in the actions complained of herein by Defendants. Plaintiff will move to amend this Complaint in the event these Doe Defendants are identified. The actual names of such Doe Defendants are unknown to Plaintiff after having conducted a reasonable search with due diligence.

**INTRADISTRICT ASSIGNMENT (CIV. L. R. 3.2(c))**

Pursuant to CIV. L. R. 3.2(c), this action is assigned on a districtwide basis because it is an action concerning intellectual property.

**STATEMENT OF FACTS COMMON TO ALL CLAIMS**

**Leaf Brands' Ownership Intellectual Property Relating to Astro Pop**

12. Leaf Brands the intellectual property rights to the Astro Pop lollipop in or around 2010. After purchasing the intellectual property rights to the Astro Pop lollipop from its predecessor-

in-interest in or around 2010, Leaf Brands has continuously sold the Astro Pop lollipops in U.S. commerce, utilizing various channels of trade including traditional retail outlets, grocery stores, candy stores, and e-commerce outlets like Amazon.

13. After taking assignment to the intellectual property rights associated with the Astro Pop lollipop, Leaf Brands was assigned and it now owns U.S. Trademark Registration No. 0922460 for the mark ASTRO POP, registered in Class 30 for "Candy." The '460 registration was registered on October 19, 1971, is incontestable, and remains in full force in effect to this day. A copy of the USPTO's status page showing Leaf Brands' ownership of the '460 registration is attached as <u>Exhibit A</u>.

14. From August 20, 1985 until May 27, 2006, Leaf Brands' predecessors-in-interest also owned U.S. Trademark Registration Nos. 1355686 and 1355687 for the product configuration trade dress of the Astro Pop lollipop (depicted below). These expired registrations are now owned by Leaf Brands. Copies of the registration certificates for the '686 and '687 registrations are attached as <u>Exhibit B</u> and <u>Exhibit C</u>.



15. To re-register its distinctive trade dress with the USPTO, on May 3, 2023, Leaf Brands filed U.S. Trademark Application Sr. Nos. 98020005 and 98020008 for the product configuration trade dress that was registered in the expired '686 and '687 registrations. Those applications are presently pending. In connection with the '005 and '008 application, the USPTO found that the marks have acquired distinctiveness. However, the USPTO has blocked the '005 and '008 applications from moving forward because of a conflicting trademark application filed by

Defendant, U.S. Trademark Application Sr. No. 97919000. A copy of Defendants' '000 application is attached hereto as <u>Exhibit D</u>.

16. The Astro Pop Trade Dress contains highly distinctive design features, as confirmed by the USPTO's decision to allow the registration of the Astro Pop Trade Dress on the USPTO's principal register by Leaf Brands' predecessor-in-interest, and the USPTO's decision that the marks applied-for in the '005 and '008 applications that the Astro Pop Trade Dress has acquired distinctiveness. The Astro Pop Trade Dress includes a three-dimensional conical shape resembling a rocket ship, and horizontal color bands consisting of the colors red, yellow, and green. These design features are non-functional and have attained secondary meaning among Leaf Brands' and its predecessor-in-interest's consumers.

17. Leaf Brands maintains strict quality standards for its Astro Pop lollipops, and utilizes a high degree of care to shepherd, protect, and promote the goodwill associated with the iconic American Astro Pop lollipop, ASTRO POP mark, and Astro Pop Trade Dress.

**Defendants' Wrongful Conduct**

18. Upon information and belief, between the years 2015 and 2017, Defendants and/or their agents attempted to introduce unauthorized Astro Pop lollipop knockoffs into the stream of commerce in the United States. After receiving an objection from Leaf Brands, Defendants, to Leaf Brands' knowledge, ceased its unauthorized activities.

19. Notwithstanding the prior objection received from Leaf Brands around the years 2015-2017, in 2023 Defendants have restarted offering for sale and selling unauthorized Astro Pop lollipop knockoffs in U.S. commerce.

20. For example, in May of 2023, Defendants exhibited and offered for sale its Astro Pop knockoffs at the Sweets and Snacks Expo trade show in Chicago, IL. Photographs of Defendants' knockoffs are attached as <u>Exhibit E</u>.

21. Swiftly upon discovering Defendants' knockoffs at the Sweets and Snacks Expo trade show after a customer attending the trade show informed Leaf Brand's CEO Ellia Kassoff that Defendants were selling Astro Pop knockoffs, on May 23, 2023, Leaf Brands sent a cease and desist letter to Defendants, again demanding they cease all efforts to sell Astro Pop lollipop knockoffs. To

date, Defendants have failed to agree to cease and desist their unauthorized actions complained of herein.

22. On May 3, 2023, without Leaf Brands' authorization, Defendants filed U.S. Trademark Application Sr. No. 97919000 seeking to register the design of its Astro Pop knockoffs as a trademark with the United States Patent and Trademark Office in Class 30 for "Candy; Lollipops; Hard candy." Despite Leaf Brands' demands that Defendants withdraw the '000 application, Defendants have failed to do so as of the date of this Complaint.

23. On July 20, 2023, after receiving Plaintiff's cease and desist letter, Defendants also filed U.S. Trademark Application Sr. No. 98094632 seeking to register the mark SPACE POP with the United States Patent and Trademark Office in Class 30 for "Candy; Lollipops; Hard candy." Despite Leaf Brands' demands that Defendants withdraw the '632 application, Defendants have failed to do so as of the date of this Complaint.

24. Defendants' unauthorized manufacturing, advertising, marketing, distribution, offering for sale, and/or sale of its Astro Pop knockoffs is likely to cause confusion, or to cause mistake or to deceive.

25. By reason of Defendants' acts complained of herein, Leaf Brands has suffered and continues to suffer monetary damages in an amount to be determined at trial, including for example damage to Leaf Brands' goodwill, corrective advertising costs, and loss of sales.

26. As a result of Defendants' conduct, Plaintiff is suffering and will continue to suffer irreparable harm and damage. Defendants will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, to Plaintiff's irreparable injury. Plaintiff's remedy at law is not adequate to compensate for the injuries suffered and threatened.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

27. Leaf Brands realleges and incorporates by reference the allegations of paragraphs 1–26, inclusive, as though fully set forth herein.

28. Leaf Brands and its predecessors in interest have used the ASTRO POP trademark continuously in United States commerce since around 1962 in connection with lollipops. Since

buying the intellectual property rights and associated goodwill of the Astro Pop lollipop, the ASTRO POP mark, and the Astro Pop Trade Dress in or around 2010, Leaf Brands has invested substantial time, effort, and financial resources promoting its ASTRO POP trademark and Astro Pop Trade Dress in connection with the marketing and sale of its candy products in interstate commerce. The consuming public recognizes the ASTRO POP trademark and associates it with a single source of origin. The ASTRO POP trademark is distinctive, valid, and incontestable.

29. Leaf Brands' ASTRO POP trademark is registered on the Principal Register of the United States Patent and Trademark Office in Class 30 for "Candy." Defendants' infringing goods are identical to the goods sold by Leaf Brands in connection with the ASTRO POP mark.

30. Defendants' use of the SPACE POP trademark, together with trade dress that is confusingly similar to the Astro Pop Trade Dress, on its knockoff Astro Pop lollipops is likely to cause confusion or mistake and/or to deceive consumers into believing that Plaintiff is the source of Defendants' goods, or that an association of source exists between Plaintiff's goods and Defendant's goods.

31. Upon information and belief, Defendants have advertised and offered their goods for sale using the SPACE POP trademark, together with trade dress that is confusingly similar to the Astro Pop Trade Dress, with the intention of misleading, deceiving, or confusing consumers as to the origin of its goods and of trading on Plaintiff's reputation and goodwill. Defendants have engaged in their infringing activity despite having constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of Plaintiff's use of the ASTRO POP mark. Defendants' use of the SPACE POP mark, together with the Astro Pop Trade Dress, constitutes willful, deliberate, and intentional trademark infringement.

32. Defendants' unauthorized use of the SPACE POP mark with trade dress that is confusingly similar to the Astro Pop Trade Dress in interstate and foreign commerce, in and within the U.S. as described above constitutes trademark infringement under 15 U.S.C. § 1114 and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

33. As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered and will continue to suffer irreparable injury, including loss of income, profits, and

goodwill and Defendants have unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

34. Defendants' acts of infringement will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## COUNT II

## FEDERAL TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a))

35. Leaf Brands realleges and incorporates by reference the allegations of paragraphs 1–34, inclusive, as though fully set forth herein.

36. As its second ground for relief, Leaf Brands alleges federal trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Leaf Brands and its predecessors in interest have used the distinctive Astro Pop Trade Dress in interstate commerce continuously since the 1960's. Since buying the intellectual property rights and associated goodwill of the Astro Pop lollipop, the ASTRO POP mark, and the Astro Pop Trade Dress around 2010, Leaf Brands has invested substantial time, effort, and financial resources promoting its trade dress in connection with the marketing and sale of the Astro Pop lollipops in interstate commerce.

38. The Astro Pop Trade Dress is nonfunctional and distinctive, as confirmed by the USPTO.

39. In view of the longevity of the presence of Astro Pop lollipops in the U.S. market, and the significant widespread recognition attributable to the Astro Pop lollipops, the Astro Pop Trade Dress has secondary meaning in the marketplace in that consumers associate that trade dress with a single source of origin. Customers are likely to make that same association when the trade dress is used in connection with another manufacturer's product, like those of Defendants.

40. Defendants manufacture, distribute, advertise, offer for sale, and/or sell Astro Pop knockoffs in the manner described herein in interstate commerce, using trade dress that is identical or substantially and confusingly similar to Plaintiff's Astro Pop Trade Dress. Sample images of Defendant's infringing trade dress are attached as Exhibit E.

41. Plaintiff did not authorize or license the use of its distinctive Astro Pop Trade Dress or confusingly similar trade dress on or in connection with Defendants' infringing goods. On information and belief, Defendants have manufactured, distributed, advertised, sold, and offered the infringing goods for sale using confusingly similar trade dress with the intention of misleading, deceiving, or confusing consumers as to the origin of their goods and of trading on Plaintiff's reputation and goodwill.

42. Defendants' manufacturing, advertising, distribution, selling and/or offering to sell infringing products that have a trade dress copied from and/or confusingly similar to Plaintiff's Astro Pop Trade Dress is likely to cause confusion on the part of purchasers and potential purchasers in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Defendants' unauthorized use of trade dress that is confusingly similar to Plaintiff's Astro Pop Trade Dress in interstate commerce on or in connection with the sale of goods as described above constitutes trade dress infringement in violation of 15 U.S.C. § 1125(a).

44. As a direct and proximate result of Defendants' trade dress infringement, Plaintiff has suffered and will continue to suffer irreparable injury, including loss of income, profits, and goodwill, and Defendants have unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

45. Defendants' acts of trade dress infringement will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights in the Astro Pop Trade Dress. Plaintiff has no adequate remedy at law.

## COUNT III

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

46. Leaf Brands realleges and incorporates by reference the allegations of paragraphs 1–45, inclusive, as though fully set forth herein.

47. By misappropriating and using unauthorized and confusingly similar imitations of Plaintiff's distinctive ASTRO POP mark and Astro Pop Trade Dress in U.S. commerce, Defendants

misrepresent and falsely designate to the general public the origin and source of the infringing goods and create a likelihood of confusion by purchasers as to the source of the merchandise.

48. Defendants' unauthorized and unlicensed manufacturing, advertising, distributing, offering for sale and/or selling the infringing goods in interstate commerce creates express and implied misrepresentations that those goods were created, authorized, or approved by Plaintiff, which will damage both Plaintiff and the public and which will profit Defendants.

49. Upon information and belief, Defendants have manufactured, distributed, advertised, sold, and offered their infringing goods for sale in interstate commerce using trade designations that are confusingly similar to Plaintiff's ASTRO POP mark and Plaintiff's Astro Pop Trade Dress with the intention of misleading, deceiving, or confusing consumers as to the origin of their goods and of trading on Plaintiff's reputation and goodwill.

50. Defendants' unauthorized marketing and sale of the infringing goods in interstate commerce using trade designations that are confusingly similar to Plaintiff's ASTRO POP mark and Plaintiff's Astro Pop Trade Dress constitutes use of a false designation of origin or false representation that wrongfully and falsely designates Defendants' products as originating from or connected with Plaintiff, in violation of 15 U.S.C. § 1125(a).

51. As a direct and proximate result of Defendants' acts of unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendants have unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

52. Defendants' acts of unfair competition will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's intellectual property rights. Plaintiff has no adequate remedy at law.

## COUNT IV

## CALIFORNIA COMMON LAW TRADEMARK AND TRADE DRESS INFRINGEMENT

53. Leaf Brands realleges and incorporates by reference the allegations of paragraphs 1–52, inclusive, as though fully set forth herein.

54. As more fully alleged above, Defendants' use of trade designations that are confusingly similar to Plaintiff's ASTRO POP mark and Plaintiff's Astro Pop Trade Dress in the State of California in connection with goods and services that are identical to Plaintiff's goods, constitutes unfair methods of competition, willful and intentional acts and practices, and unfair and deceptive acts and practices wherein Defendants' conduct is likely to cause confusion as to the source of Defendants' candy products.

55. Defendants' actions with actual or constructive knowledge of Plaintiff's ASTRO POP mark and ASTRO POP Trade Dress in the State of California demonstrate an intent to trade on the goodwill associated with the ASTRO POP mark and ASTRO POP Trade Dress with the intention of deceiving and misleading the consumers of its goods and services and the public to the great and irreparable injury of Plaintiff.

56. Defendants' unlawful acts in the State of California constitute common-law trademark infringement and have created and will continue to create a likelihood of confusion to the irreparable injury of Plaintiff unless enjoined by this Court.

57. As a result of Defendants' acts, Plaintiff has been damaged and will, unless restrained, further impair, if not destroy, the goodwill associated with Plaintiff's ASTRO POP mark and ASTRO POP Trade Dress, and Plaintiff has no adequate remedy at law.

58. Plaintiff is entitled to recover (i) Defendants' profits, (ii) Plaintiff's ascertainable damages, and (iii) Plaintiff's costs of suit.

59. Defendants' willful infringement without excuse or justification entitles Plaintiff to recover its reasonable attorney fees.

60. In doing the things described here, Defendants have acted with malice and oppression as defined in California Civil Code section 3294(c), and willfully and with the intent to cause injury to Plaintiff. Defendants are therefore guilty of malice and oppression in conscious disregard of the rights of Plaintiff, thereby warranting an assessment of punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar conduct.

### COUNT V

### CALIFORNIA STATE UNFAIR COMPETITION

61. Leaf Brands realleges and incorporates by reference the allegations of paragraphs 1–60, inclusive, as though fully set forth herein.

62. Defendants' actions with actual or constructive knowledge of Plaintiff's ASTRO POP mark and Astro Pop Trade Dress in the State of California demonstrate an intent to trade and do trade on the goodwill associated with the ASTRO POP mark and Astro Pop Trade Dress with the intention of deceiving and misleading the consumers of its goods and services and the public to the great and irreparable injury of Plaintiff.

63. Defendants' acts, as alleged above, constitute unlawful and/or unfair business practices in violation of the California Business and Professions Code § 17200 et. seq. ("UCL").

64. As a result of Defendants' acts complained of herein, Plaintiff has been damaged in an amount to be proven at trial, and these acts will, unless restrained, further impair, if not destroy, the goodwill associated with Plaintiff's ASTRO POP mark and ASTRO POP Trade Dress, and Plaintiff has no adequate remedy at law.

65. As a direct and proximate result of Defendants' unfair competition, Defendants have been unjustly enriched in an amount to be determined at trial, and will continue to be unjustly enriched unless enjoined by this Court.

## REQUEST FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests the following relief from the Court:

A. Entry of judgment in favor of Leaf Brands that Defendants have violated 15 U.S.C. §§ 1114 and 1125(a).

B. Entry of judgment in favor of Leaf Brands that Defendants have made false designations or origin and have competed unfairly with Leaf Brands in violation of Leaf Brands' rights under the Lanham Act, common law, and California statutory law;

C. Entry of a permanent injunction enjoining Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from:

    1. Using in any manner any trade designations that are confusingly similar to Plaintiff's ASTRO POP mark and Astro Pop Trade Dress in manufacturing, distributing,

importing, exporting, offering for sale, selling, or advertising any and all goods including, but not limited to, all candy products; and

2. Representing that any unauthorized good or packaging manufactured, distributed, sold, held for sale, or advertised by Defendants is sponsored, authorized, or licensed by Plaintiff by use of copies or simulations of the ASTRO POP mark and Astro Pop Trade Dress, or otherwise; and

3. Requiring Defendants to turn over to Plaintiff any and all unauthorized merchandise, advertising, labels, or other material bearing trade designations that are confusingly similar to the ASTRO POP mark and Astro Pop Trade Dress or a facsimile thereof, that is in the possession, custody, or control of Defendants or their agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, or any persons in privity or active concert or participation with any of them; and

4. Requiring Defendants to send, by e-mail and/or mail sent through the United States Postal Service, to each known purchaser of the infringing goods, notice to the effect that Defendants have been engaged in selling unauthorized products and that the products purchased by Defendants' customers were not genuine Astro Pop lollipops.

5. Using any logo, trade name, trademark, or service mark, which may be calculated to falsely represent, or which has the effect of falsely representing, that goods and/or services of Defendants are sponsored by, authorized by or in any way associated with Plaintiff.

6. Otherwise unfairly competing with Plaintiff, or infringing Plaintiff's rights in the ASTRO POP mark and Astro Pop Trade Dress.

7. Submitting to the U.S. Patent and Trademark office any trademark application seeking to register any mark that is confusingly similar to ASTRO POP mark and Astro Pop Trade Dress, and withdrawing U.S. Trademark Application Sr. Nos. 97919000 and 98094632.

D. An order requiring Defendants to remove any trade designations that are confusingly similar to the ASTRO POP mark and Astro Pop Trade Dress from any websites, physical or

1 electronic advertisements, collateral or promotional materials, and to undertake corrective advertising to dissipate, remove, and reverse any confusion;

E. An order requiring Defendants to file with this Court and serve on Plaintiff, within a set period of time not to exceed thirty (30) days from the order, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the Court's injunction;

F. An order directing the USPTO to deem abandoned Defendants' U.S. Trademark Application Sr. Nos. 97919000 and 98094632.

G. An order requiring Defendants to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' infringement of Plaintiff's ASTRO POP mark and Astro Pop Trade Dress, false advertising, and unfair competition and to account to Plaintiff for all gains, profits and advantages derived by Defendants by virtue of their infringement, and/or that Plaintiff be awarded Defendants' profits pursuant to 15 U.S.C. § 1117, and state common and statutory law, plus prejudgment interest;

H. An order increasing the monetary award to Plaintiff based on willful infringement by Defendants pursuant to 15 U.S.C. § 1117;

I. An order awarding to Plaintiff punitive damages in an amount sufficient to punish Defendants and deter future similar injurious activities;

J. That the Court find this case to be exceptional and award reasonable attorneys' fees to Plaintiff;

K. Adjudge that Plaintiff has and recover its costs in this suit;

L. An order requiring Defendants to produce an accounting of and impose a constructive trust on all of Defendants' funds, profits, and assets that arise out of the activities complained of herein; and

M. Grant Plaintiff such other and further relief as the Court may deem just or appropriate.

## REQUEST FOR JURY TRIAL

Plaintiff respectfully requests trial by jury on all issues so triable.

1
2
3
4  Dated: January 26, 2024                    Respectfully submitted,
5
6                                                         **KB ASH**
7
8                                              By ___/s/_____
                                                   Benjamin Ashurov, Esq.
9                                                  *bashurov@kb-ash.com*
                                                   Neil A. Smith, Esq.
10                                                 *nsmith@kb-ash.com*
11
                                                   Attorneys for Plaintiff
12                                                 Leaf Brands, LLC.
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28